IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN L. LIGHT,

        Plaintiff,                No. 2:12-cv-3103 KJM KJN PS

       v.

SACRAMENTO REGIONAL
TRANSIT DISTRICT, et al.

        Defendants.          <u>ORDER</u>

                                /

On January 22, 2013, defendant Sacramento Regional Transit District filed a motion to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] (Dkt. No. 7.) The next day, on January 23, 2013, the remaining defendants Amalgamated Transit Union, Local 256 and Amalgamated Transit Union, AFL-CIO/CLC, International Headquarters also filed a motion to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6). (Dkt. No. 8.) Both motions were noticed for a hearing to take place before the undersigned on March 7, 2013. (Dkt. Nos. 7, 8.)

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  On February 21, 2013, plaintiff filed a response and a motion for a 120-day
2  continuance, also set for hearing on March 7, 2013. (Dkt. Nos. 9, 10.)² Plaintiff's filings do not
3  substantively address defendants' arguments, but indicate that she has been vigorously looking
4  for counsel to represent her, that she has found counsel who may do so, but that plaintiff's
5  potential attorney did not have sufficient time to review her case and prepare a response to
6  defendants' motions to dismiss. Accordingly, plaintiff seeks a 120-day continuance.

7  After reviewing the papers in support of plaintiff's motion for continuance, the
8  courts concludes that a hearing is unnecessary and that the motion can be resolved on the papers
9  and record before the court. See E.D. Cal. L.R. 230(g). In light of plaintiff's pro se status, and
10 the early posture of this case (which was only filed on December 28, 2012), the court finds it
11 appropriate to grant a reasonable continuance to allow plaintiff to obtain counsel and file an
12 opposition to defendants' motions to dismiss. However, the court also concludes that a 120-day
13 extension is excessive. Instead, an approximately 60-day extension should be sufficient to allow
14 plaintiff to retain counsel, and for the potential attorney to review plaintiff's case and file an
15 appropriate response to defendants' motions to dismiss. In the event that plaintiff is unable to
16 obtain counsel, this extension would also allow plaintiff additional time to prepare an opposition
17 to the motions while simultaneously preserving defendants' rights to have the case move forward
18 and their arguments heard.

19  In light of the foregoing, IT IS HEREBY ORDERED that:

20  1. Plaintiff's motion for a continuance (dkt. no. 9) is GRANTED IN PART.

21  2. The March 7, 2013 hearing on defendants' motions to dismiss (dkt. nos. 7,

---

² This motion was defectively noticed for hearing. Although the court liberally construes the pleadings of pro se litigants, they are required to abide by the court's Local Rules and the Federal Rules of Civil Procedure. In particular, Local Rule 230 requires most civil motions to be filed and served at least 28 days prior to the hearing date for the motion. See E.D. Cal. L.R. 230(b). Available hearing dates can be obtained by calling the undersigned's courtroom deputy clerk at (916) 930-4187. A copy of the court's Local Rules is available at www.caed.uscourts.gov. Nevertheless, in the interests of efficiency and judicial economy, the court has considered plaintiff's motion.

8) is VACATED and CONTINUED until May 9, 2013, at 10:00 a.m., in Courtroom No. 25 before the undersigned.

      3.    Plaintiff shall have until April 25, 2013, to obtain counsel and file a written opposition, or a statement of non-opposition, to the motions to dismiss.  If plaintiff is unable to obtain counsel, plaintiff shall nonetheless file her opposition, or statement of non-opposition, to the motions no later than April 25, 2013.[3]

      4.    Defendants may file any reply briefs to plaintiff's opposition, if any, on or before May 2, 2013.

      IT IS SO ORDERED.

DATE: February 25, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The court notes that defendants' motions are based, at least in part, on arguments that this court lacks subject matter jurisdiction over plaintiff's claims.  Although the court does not reach these arguments at this juncture, if plaintiff (and/or her new counsel) concludes, regardless of the merits of her claims, that the court lacks federal subject matter jurisdiction over the action and that her claims should instead be filed in state court, plaintiff may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.