IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN L. LIGHT,

        Plaintiff,                  No. 2:12-cv-3103 KJM KJN PS

    v.

SACRAMENTO REGIONAL
TRANSIT DISTRICT, et al.

        Defendants.           ORDER

/

        On January 22, 2013, defendant Sacramento Regional Transit District filed a motion to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]  (Dkt. No. 7.)  The next day, on January 23, 2013, the remaining defendants Amalgamated Transit Union, Local 256 and Amalgamated Transit Union, AFL-CIO/CLC, International Headquarters also filed a motion to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6).  (Dkt. No. 8.)  Both motions were noticed for hearing on March 7, 2013.  (Dkt. Nos. 7, 8.)

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Thereafter, on February 21, 2013, plaintiff filed a response and a motion for a 120-day continuance. (Dkt. Nos. 9, 10.) Plaintiff's filings did not substantively address defendants' arguments, but indicated that she had been vigorously looking for counsel to represent her, that she had found counsel who may do so, but that plaintiff's potential attorney did not have sufficient time to review her case and prepare a response to defendants' motions to dismiss. Accordingly, plaintiff sought a 120-day continuance.

On February 25, 2013, the court granted plaintiff's motion for a continuance in part. (Dkt. No. 11.) In particular, the court continued the hearing on defendants' motions to dismiss until May 9, 2013, and permitted plaintiff to obtain counsel and file a written opposition, or statement of non-opposition, to the motions to dismiss no later than April 25, 2013. (Id.) The court emphasized that if plaintiff is unable to obtain counsel, she was nonetheless required to file an opposition, or statement of non-opposition, to the motions no later than April 25, 2013. (Id.) Although that deadline has now passed, no attorney has entered an appearance on behalf of plaintiff, and plaintiff has failed to file an opposition or statement of non-opposition in accordance with the court's order.[2]

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria

---

[2] On February 25, 2013, the same day that the court issued its order granting in part plaintiff's motion for a continuance, plaintiff did file an amended response to the motions to dismiss. (Dkt. No. 12.) However, this filing, like plaintiff's previous response, did not substantively address the arguments made in defendants' motions to dismiss, and was clearly prepared prior to the issuance of the court's order granting plaintiff additional time to obtain counsel and prepare an opposition. As such, this was not the opposition or statement of non-opposition contemplated by the court's February 25, 2013 order.

2

1     persona. Failure to comply therewith may be ground for dismissal,
judgment by default, or any other sanction appropriate under these
2     Rules.

3 See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

4 same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in

5 accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's*

6 *case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

7 or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

8 court's local rules.[3] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

9 court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

10 Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

11 an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

12 prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

13 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

14 proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

15 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

16 failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782

17 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

18 control their dockets and may impose sanctions including dismissal or default).

19     Although the court has sympathy for the difficulties that a pro se litigant faces in

20 prosecuting an action in federal court, plaintiff is required to comply with the Federal Rules of

21 Civil Procedure, the court's Local Rules, and the court's orders. The court finds it appropriate to

22 provide plaintiff with one final opportunity to file an opposition to defendants' motions to

23 dismiss. Plaintiff's opposition shall outline all of plaintiff's arguments in opposition to

---

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010) (unpublished).

defendants' motions and attach any appropriate documentation, allowing the court to refer only to that opposition (and not to any previously-filed responses or amended responses) in deciding the motions.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motions to dismiss plaintiff's complaint (Dkt. Nos. 7, 8), which is presently set for May 9, 2013, is CONTINUED until Thursday June 13, 2013, at 10:00 a.m. in Courtroom No. 25.

2. Plaintiff shall file a written opposition to the motions to dismiss, or a statement of non-opposition thereto, on or before May 30, 2013.  *Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motions and consent to the granting of the motions to dismiss, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*[4]

3. Defendants may file any reply briefs to plaintiff's opposition, if any, on or before June 6, 2013.

////
////
////
////
////
////

---

[4] The court notes that defendants' motions are based, at least in part, on arguments that this court lacks subject matter jurisdiction over plaintiff's claims.  Although the court does not reach these arguments at this juncture, if plaintiff concludes, regardless of the merits of her claims, that the court lacks federal subject matter jurisdiction over the action and that her claims should instead be filed in state court, plaintiff may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

4.      The June 6, 2013 status conference in this matter is CONTINUED until July 25, 2013 at 10:00 a.m. in Courtroom No. 25 before the undersigned.  The parties shall file their status reports, preferably a joint status report, no later than July 18, 2013.

IT IS SO ORDERED.

Dated: April 30, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE